UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROBERT GIBBENS,

      Plaintiff,

v.                                                                                  Case No. 2:14-CV-185

COMMISSIONER OF SOCIAL SECURITY,                    HON. GORDON J. QUIST

      Defendant.
_____/

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff has filed Objections to Magistrate Judge Timothy P. Greeley's Report and Recommendation (R & R), issued on August 17, 2015, which recommends that the Court affirm the Commissioner's decision denying Plaintiff's claim for benefits. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, the Commissioner's response, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

Plaintiff argues that the ALJ did not provide a complete hypothetical to the vocational expert, and relies on *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 509 (6th Cir. 2010) to support his argument. In *Ealy*, the claimant's doctor limited him to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day where speed was not critical," but the hypothetical question to the vocational expert included limitations only for simple repetitive tasks. *Id.* at 516. Because the question did not mention limitations related to pace, the Sixth Circuit found that it did not accurately

reflect the claimant's limitations. *Id.* In this case, however, the opinions upon which the ALJ relied in determining Plaintiff's RFC did not contain similar concrete limitations on Plaintiff's ability to maintain attention, concentration, or pace when performing tasks that are not detailed or complex. (Dkt. #7-7 at Page ID#425-26.) On the contrary, the state agency consultant found that Plaintiff could perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) Accordingly, the ALJ's hypothetical to the vocational expert sufficiently conveyed Plaintiff's restrictions related to concentration, persistence, or pace. *See Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436-37 (6th Cir. 2014) (concluding that the restrictions posed in the hypothetical were sufficient because the examining doctor did not place any concrete functional limitations on the claimant's ability to maintain attention, concentration, or pace).

Plaintiff further argues that the ALJ erred in giving little weight to the opinion of Plaintiff's treating physician, Dr. Szloboda. The ALJ listed four separate reasons for his decision to grant that opinion little weight: (1) it rested on an erroneous assumption that an EMG supported neuropathy; (2) a recent surgery would likely alleviate Plaintiff's pain; (3) Plaintiff's lumbar degenerative disc disease was mild; and (4) the opinion conflicted with the state agency consultant's findings. Plaintiff argues that the ALJ's conclusion that surgery would alleviate some pain was not based on Plaintiff's medical records, but was rather based purely on speculation by the ALJ. Even if Plaintiff is correct that the ALJ erred in relying on assumption based on Plaintiff's surgery, however, the ALJ articulated sufficient other reasons to afford little weight to Dr. Szloboda's opinion. The opinion was inconsistent with other substantial evidence in the record—namely, the results Plaintiff's EMG and evidence indicating that Plaintiff's lumbar degenerative disease was mild. Accordingly, the Court agrees with the magistrate judge's conclusion that the ALJ did not err in affording little weight to Dr. Szloboda's opinion.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 17, 2015 (dkt. # 18), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.


Dated: September 25, 2015 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE